Kevin A. Michael, WSBA No. 36976
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Email:   kmichael@cozen.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QBE INSURANCE CORPORATION, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>GSJONES LAW GROUP, P.S., a Washington professional services corporation; CHALMERS JOHNSON, an individual,<br><br>Defendants. | Case No.:<br><br>**QBE INSURANCE CORPORATION'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff QBE Insurance Corporation ("QBE"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment against Defendants GSJones Law Group, P.S. ("GSJones") and Chalmers Johnson (collectively, "Defendants"), alleges as follows:

I.      PARTIES

1.     QBE Insurance Corporation ("QBE") is a domestic insurer incorporated in Pennsylvania and having its principal place of business in New York.  At all times relevant hereto, QBE was and is authorized to do business in the State of Washington.

2.     Upon information and belief, Defendant GSJones Law Group, P.S. is a Washington professional services corporation, with its principal place of business in

QBE INSURANCE CORPORATION'S COMPLAINT FOR
DECLARATORY JUDGMENT - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

Port Orchard, Washington.  GSJones is engaged in the business of providing legal advice and services to its clients.

3. Upon information and belief, Defendant Chalmers Johnson is a resident of the State of Washington.  Mr. Johnson was formerly an attorney working at GSJones.

## II. JURISDICTION

4. This Court has jurisdiction by virtue of 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are residents of this judicial district and a substantial part of the events giving rise to this action occurred in this district.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

## III. FACTS

7. This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, seeking a declaration *vis-à-vis* QBE's obligations to Defendants under Lawyers Professional Liability Policy No. LAW-11206-00 (the "Policy").

**A.    The Alleged Malpractice.**

8. Defendants generally, and Mr. Johnson more specifically, were retained by Allyson Soocey, as personal representative of the Estate of Stephen Daryl Soocey, to pursue a medical malpractice claim against CHI Franciscan/St. Joseph's Medical Center (the "Hospital") arising out of the death of Mr. Soocey.

9. In November 2018, Defendants generally, and Mr. Johnson more specifically, failed to file suit against the Hospital prior to the expiration of the relevant statute of limitations.

10. Mr. Johnson advised Mrs. Soocey of the error.

QBE INSURANCE CORPORATION'S COMPLAINT FOR
DECLARATORY JUDGMENT - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

11. Mr. Johnson suggested an alternative theory of liability against the Hospital and Mrs. Soocey agreed to allow him to file suit using an untested legal theory (the "Underlying Lawsuit").

12. The trial court dismissed the Underlying Lawsuit on the basis that the statute of limitations had expired under all of the alleged theories of liability.

13. The Court of Appeals affirmed the dismissal of the Underlying Lawsuit, and the Washington Supreme Court denied review, thus ending the Underlying Lawsuit.

14. Mrs. Soocey has alleged that Defendants are liable for legal malpractice for failing to file suit against the Hospital before the expiration of the statute of limitations (the "Legal Malpractice Claim").

**B.     Defendants Did Not Provide Notice of a Potential Claim to Their Insurer.**

15. On information and belief, Defendants had malpractice insurance coverage with Zurich in 2018.

16. Mr. Johnson discussed the alleged error with the partners at GSJones.

17. GSJones chose not to provide notice of a potential claim to Zurich and/or any other insurer in 2018.

**C.     The Application for the QBE Policy.**

18. On or about December 17, 2020, GSJones signed an application for the Policy. A copy of signed application is attached hereto as **Exhibit A**.  The QBE Application asks:

> After inquiry, has the Named Insured or any attorneys to be insured under this policy:
>
> a.   been subject of a professional liability claim or suit, or entered a tolling agreement with a client with respect to a threatened professional liability claim, in the last five (5) years…
>
> b.   have knowledge or information of a fact, circumstance or actual or alleged act, error or omission which may reasonably be expected to give rise to a professional liability claim(s) under the proposed policy?
>
> It is understood and agreed that, without limiting any rights of the underwriter, if such knowledge or information exists, any claim arising therefrom is excluded from this proposed insurance.

QBE INSURANCE CORPORATION'S COMPLAINT FOR
DECLARATORY JUDGMENT - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

19. GSJones marked "No" for both.

20. QBE issued the Policy on the basis of, in part, these representations.

**D.    The QBE Policy.**

21. QBE Insurance Corporation issued Lawyers Professional Liability Policy No. LAW-11206-00 to GSJones Law Group, P.S., effective December 31, 2020 to December 31, 2021.  The Policy provides $1,000,000 in coverage per Claim.  The Policy contains a $20,000 deductible, per Claim. The Policy is written on a claims-made-and-reported basis.  The Policy is attached hereto as **Exhibit B** and incorporated by reference herein.

22. The Policy contains the following "Insuring Agreement":

> I.   **INSURING AGREEMENT**
>
> The **Insurer** shall pay on behalf of an **Insured** all sums in excess of the Deductible . . . which the **Insured** shall become legally obligated to pay as **Damages** and **Claims Expenses** as a result of a **Claim** that is both first made against the **Insured** during the **Policy Period** . . . which arises out of a **Wrongful Act**; provided that such **Wrongful Act** occurred:
>
> A.   during the **Policy Period**;
>
> B.   prior to the **Policy Period**, if:
>
> > 1.   the **Insured** did not give notice to any prior insurer of any such **Wrongful Act**, or **Interrelated Wrongful Acts**:
> >
> > (a)  before the inception date of this Policy…
> >
> > (b)  the date the **Insured** first became a member of the **Named Insured;**
> >
> > whichever is later, provided that no **Insured** had a basis to believe that any such **Wrongful Act** might reasonably be expected to the basis of a **Claim**;
>
> ***

23. The Policy defines Wrongful Act as:

> V.   **"Wrongful Act"** means any actual or alleged negligent act, error or omission, or **Personal Injury Offense**, in the rendering or the failure to render **Professional Services** committed by any Insured or by any person or entity for whom the Insured is legally liable.

QBE INSURANCE CORPORATION'S COMPLAINT FOR
DECLARATORY JUDGMENT - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

24. The Policy also contains the following condition related to representations in the Application:

> B. Representations
>
> The **Insureds** agree that the **Application** is deemed attached to this Policy and incorporated herein. The **Insureds** further agree that all statements, representations and information contained in or incorporated into the **Application** are their representations and are material to the acceptance of the risk assumed by the **Insurer** under this Policy. This Policy is issued in reliance upon the truth of such representations.
>
> The **Insureds** further agree that in the event of any material misstatement, misrepresentation or omission in the **Application**, this Policy shall be void as to any **Insured** who knew of such misstatement, misrepresentation or omission and as to any **Insured** to whom such knowledge is imputed. The knowledge of any individual **Insured** shall not be imputed to any other individual Insured, but the knowledge of any individual **Insured** shall be imputed to the **Named Insured** or **Predecessor Firm** except where the **Insured** is an **Independent Contractor** or Of Counsel attorney.

E. <u>**QBE Is Currently Defending GSJones and Mr. Johnson.**</u>

25. Notwithstanding the fact that the Policy does not provide coverage for the Legal Malpractice Claim, QBE has nonetheless, in an abundance of good faith, accepted the defense of GSJones and Mr. Johnson and is funding their ongoing defense.

26. QBE's defense is subject to a full reservation of rights (the "ROR Letter"). The ROR Letter is attached hereto as **Exhibit C**.

27. The ROR Letter specifically reserves QBE's right to initiate a declaratory judgment action to determine whether QBE has a duty to defend and/or indemnify Defendants for the Legal Malpractice Claim.

28. The ROR Letter specifically reserves QBE's right to raise the prior knowledge and misrepresentation in the application defenses.

### IV.   <u>CLAIM FOR DECLARATORY RELIEF</u>

29. An actual and justiciable controversy exists between QBE and Defendants regarding the scope of coverage under the Policy's terms and applicable law.

QBE INSURANCE CORPORATION'S COMPLAINT FOR
DECLARATORY JUDGMENT - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000

30. Defendants had a basis to believe that the "Wrongful Act" of failing to bring suit within the statute of limitations "might reasonably be expected to be the basis" of the Legal Malpractice Claim prior to the inception of the Policy and, accordingly, QBE has no duty to defend or indemnify Defendants for the Legal Malpractice Claim.

31. While applying for the Policy, Defendants had "knowledge or information of a fact, circumstance or actual or alleged act, error or omission which may reasonably be expected to give rise to a professional liability claim(s) under the proposed policy" and did not disclose the same, rendering the Legal Malpractice Claim uncovered by the Policy.

32. Defendants materially breached the "Representations" provision of the Policy, thereby voiding coverage for the Legal Malpractice Claim.

33. There are other policy provisions that may apply. QBE reserves the right to assert additional bases for declaratory judgment under the attached QBE Policy.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff QBE Insurance Corporation respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

(a) Find that QBE has no duty to defend or indemnify Defendants in relation to the Legal Malpractice Claim;

(b) For costs of suit incurred herein; and

(c) Such other relief as the Court may deem just and proper.

DATED this 14th day of December, 2021.

COZEN O'CONNOR

By   *s/ Kevin A. Michael*
Kevin A. Michael, WSBA No. 36976
kmichael@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Attorneys for Plaintiff QBE Insurance Corporation

QBE INSURANCE CORPORATION'S COMPLAINT FOR DECLARATORY JUDGMENT - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
9991 THIRD AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98104-4019
(206) 340-1000